■ FRANCISCO GONZALEZ, Appellant, v GAETANO COLELLA et al., Respondents.—Judgment, Supreme Court, New York County, entered June 6, 1975, for defendant, upon a jury verdict, unanimously affirmed, without costs and without disbursements. Plaintiff alleges he sustained injuries when struck by a truck at the intersection of First Avenue and 13th Street in New York County. Plaintiff testified at trial, as he alleged in his amended bill of particulars, that he was traveling north by bicycle on First Avenue when the accident occurred. However, in the original bill of particulars plaintiff alleged that he was traveling south at the time of the accident. While the bills of particulars were not in evidence, cross-examination of plaintiff concerning inconsistencies between his testimony and the original bill of particulars is proper. It has long been the law in New York that it is always competent to show contradictory statements made by a witness as bearing upon his credibility *(Stephens v People,* 19 NY 549), and this general rule clearly applies to statements made in pleadings or affidavits *(Fox v Erbe,* 100 App Div 343, affd 184 NY 542). The cross-examination of plaintiff was permissible. This conclusion is not altered by plaintiff's claim that he may not have understood the statements made in the bills of particulars because of his Spanish origin. There was no objection made at the trial that plaintiff could not proceed because of the language difficulty. Furthermore, ample opportunity existed for plaintiff to explain to the jury the inconsistencies in light of any language difficulties and for the jury to decide the proper weight to place upon the inconsistencies. Nor is there merit in plaintiff's contention that, because the jury rendered a verdict without awaiting answers to questions posed to the court, plaintiff's request for a mistrial should have been granted. The jury was asked whether they "reached a verdict without the necessity of having [their] questions answered." The foreman answered yes. There is no indication that any of the jurors objected to or dissented from the foreman's statement. The verdict was unanimous and the verdict is supported by the evidence. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.

■ In the Matter of ARTHUR W. BAILY, an Attorney.—Respondent reinstated as an attorney and counselor at law of the State of New York. Concur—Markewich, J. P., Murphy, Capozzoli, Lane and Nunez, JJ.