■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered September 2, 1986, convicting him of (1) manslaughter in the first degree and reckless endangerment in the first degree, upon a jury verdict, and (2) a violation of the Administrative Code of the City of New York § 436-5.0 (h) (1), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

According to the testimony of the prosecution's main witness, Major Thomas, the defendant, after having spent the day helping Thomas and the victim, Michael Edwards, replace the engine in Thomas's van, abruptly jumped into his car and drove away from the area. Shortly thereafter, according to Thomas, the defendant returned with a shotgun. The defendant had his finger on the trigger and had a blank stare on his face. Thomas asked the defendant several times "what's happened, what's wrong?" The defendant did not respond, but pointed the gun between Thomas and the victim. As the victim reached forward to touch the shotgun, the defendant stepped back "maybe two or three feet" and pulled the trigger. The defendant, on the other hand, testified that he did not have any disagreement or argument with the victim; that the victim had asked to see the shotgun, which the defendant had received as a gift from his wife; and that when the victim reached out to touch the gun, the defendant slipped, probably on oil which had been spilled during their work in replacing the van's engine, and the gun discharged. The defendant contended that the shooting was an accident.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it

was legally sufficient to establish the defendant's guilt of manslaughter in the first degree and reckless endangerment in the first degree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the triers of fact, who saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94), and their determination should not be overturned lightly on appeal (People v Garafolo, 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that he was deprived of a fair trial by the trial court's failure to read back portions of his testimony as requested by the jury during its deliberations. While the trial court is obliged to respond meaningfully, promptly and without unnecessary delay to a jury's request for further information (see, People v Lourido, 70 NY2d 428; People v Chandler, 110 AD2d 971; People v Hall, 101 AD2d 956), reversal is not required in every instance where the court fails to fulfill this obligation (see, People v Miller, 6 NY2d 152; People v La Marca, 3 NY2d 452). "The test is whether the failure to respond * * * prejudiced the defendant. (People v. Jackson, 20 N Y 2d 440, 454-455; People v. Cooke, 292 N. Y. 185, 188)" (People v Bauer, 32 AD2d 463, 475, affd 26 NY2d 915; see also, People v Lourido, supra, at 435). The record reveals that after having reached a guilty verdict on the reckless endangerment charge, the jury was sequestered for the night. The next morning the court received a note requesting a readback of portions of the defendant's testimony, and then a subsequent note indicating that the jury had reached a verdict on the remaining count of the indictment. Under the circumstances, the court's failure to respond to the jury's first note before the jury advised the court that it had reached a verdict does not constitute reversible error (see, People v Bauer, supra, at 474-475; People v Agosto, 73 NY2d 963).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.