■ REVA SILVERSTEIN, Appellant, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Respondents.— Judgment, Supreme Court, Bronx County (James R. Cowhey, J.), entered on or about October 10, 1989, upon a jury verdict in favor of the defendants, dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a 79-year-old woman who was blind in one eye and partially blind in the other and who was somewhat unstable due to osteomyelitis in her left leg, was allegedly caused to fall in a pedestrian crosswalk when the shopping cart which she was pushing in front of her was allegedly struck by a bus owned and operated by the defendants. We have reviewed the record and conclude that the jury's finding in favor of the defendants was not against the weight of the evidence. There was apparently no damage to the shopping cart and there were indications that the plaintiff may have fallen on the sidewalk. The jury could reasonably have found that the plaintiff never entered the crosswalk, but simply fell on the

sidewalk, or it may have found that the plaintiff, due to her poor eyesight, walked into the rear of defendants' bus which was already in the crosswalk.

Plaintiff's arguments that the court's charge to the jury was erroneous are not preserved as a matter of law. Nor, in view of the over-all fairness of the charge and the simplicity of the issues presented, are we inclined to reverse based upon these unpreserved errors.

The jury initially requested the reading of the plaintiff's testimony, but when the court was prepared to comply with that request approximately 40 minutes later, the jury foreman advised the court that the jury had already reached a verdict. Each juror was polled and affirmatively stated that the reading of the testimony previously requested was unnecessary. Under these circumstances, we perceive no error. (Gonzalez v Colella, 55 AD2d 534.)

The claim that defense counsel should not have been permitted to try this action because of the prejudicial effect of his being confined to a wheelchair is without merit. Concur— Kupferman, J. P., Milonas, Wallach and Smith, JJ.