■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MALLOY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 11, 1989, convicting him of manslaughter in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's indictment for murder in the second degree arose as a result of the fatal shooting of John Trammel on May 3, 1987. It was the People's theory that the defendant shot at Trammel six times in an act of revenge, after being told by his pregnant girlfriend that she had been raped by Trammel earlier that day. The defendant interposed a defense of justification (i.e., he shot Trammel when the latter allegedly reached for a gun) *(see,* Penal Law § 35.15), and, in the alternative, the affirmative defense of extreme emotional disturbance (Penal Law § 125.25 [1] [a]). The defendant was convicted, upon a jury verdict, *inter alia,* of manslaughter in the first degree, as a lesser included offense of murder in the second degree, a conviction which is based upon legally sufficient evidence and is not against the weight of the evidence *(see, People v Contes,* 60 NY2d 620; CPL 470.15 [5]).

The defendant argues that certain portions of the trial court's charge on the issue of flight and the justification defense were erroneous. However, these arguments have not been preserved for appellate review (see, CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), and, under the circumstances presented, review of these arguments in the exercise of our interest of justice jurisdiction is unwarranted (see, CPL 470.15 [6]).

The defendant further argues that the prosecutor made several prejudicial remarks during his summation. However, for the most part, these remarks were either not objected to, and are not preserved for appellate review (CPL 470.05 [2]), or, were within the "broad bounds of rhetorical comment permissible in closing argument" *(People v Galloway,* 54 NY2d 396, 399). One remark by the prosecutor deserves scrutiny. The prosecutor stated in summation that the defense, by asking for two defenses, i.e., self defense and extreme emotional disturbance, "lets you know that neither of these defenses are true". This comment improperly denigrated the defenses which were raised, but, standing alone, does not warrant reversal of the judgment of conviction *(cf., People v Blackman,* 88 AD2d 620). Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.