■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CORNELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered April 25, 1990, convicting him of manslaughter in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There was evidence at the trial that the defendant obtained a gun, loaded it, and handed it to a friend, telling him to get

the decedent out of the house. The gunman then shot the decedent several times at close range. This evidence, viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's claim that the trial court erred by informing the jury that there was no cross-examination of a witness concerning the defendant's loading of the gun, was unpreserved for appellate review *(see,* CPL 470.05 [2]). Upon review of that claim in the exercise of our interest of justice jurisdiction, we note that although the court erred in so informing the jury, except for the witness's admission that her statement to the police omitted mention of the loading of the gun, her cross-examination testimony repeated the account she gave on direct examination. The limited nature of the cross-examination rendered the defendant's claim of prejudice merely speculative *(see, People v Phillips,* 150 AD2d 396, 397; *cf., People v Malloy,* 177 AD2d 511, 512). Therefore, the error was harmless.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.