LEONARD HAVENS, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [798 NYS2d 140]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 17, 2004, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants and against him on the issue of liability and for a new trial in the interest of justice.

Ordered that the order is affirmed, with costs.

Where a deliberating jury requests information but indicates, before the court is able to respond to the request, that it has reached a verdict, the court should ordinarily ascertain from the jurors, before accepting the verdict, that they no longer require the information they had requested (*see Fagiola v Jonassen,* 173 AD2d 590 [1991]; *Silverstein v Manhattan & Bronx Surface Tr. Operating Auth.,* 159 AD2d 452, 453 [1990]; *Gonzalez v Colella,* 55 AD2d 534 [1976]). However, the failure of the trial court to do so requires reversal only where its failure to respond causes serious prejudice to a party (*see People v Jackson,* 20 NY2d 440, 454-455 [1967], *cert denied* 391 US 928 [1968]; *People v Miller,* 6 NY2d 152 [1959]; *People v Scarpello,* 244 AD2d 856, 857 [1997], *lv denied* 91 NY2d 930 [1998], *cert denied* 525 US 839 [1998]; *People v Phillips,* 150 AD2d 396 [1989]).

Here, the jury's request for a readback of that portion of the trial testimony of the train flagger in which he was impeached by responses from his 1999 deposition testimony, related only to the credibility of the witness. Thus, it cannot be said that seri-

ous prejudice resulted from the Supreme Court's failure to provide the requested information before accepting the verdict. Accordingly, the Supreme Court correctly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial in the interest of justice on that basis.

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.