■ ELAINE MARTIN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [852 NYS2d 251]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Cullen, J.), entered May 1, 2006, which, upon a jury verdict on the issue of liability finding that the defendant was not negligent, and upon the denial of her motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff allegedly was injured when she fell from her seat while riding on the defendant's bus. She claimed that her fall was caused by the negligence of the defendant's bus operator. The jury returned a verdict finding that the bus operator was not negligent, and the Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence. We affirm.

The standard for determining whether a jury verdict is against the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached upon any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Torres v Esaian,* 5 AD3d 670, 671 [2004]). On this record, the verdict is supported by a reasonable view of the evidence (*see Miglino v Supermarkets Gen. Corp.,* 243 AD2d 451 [1997]).

In order to recover damages against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, a plaintiff is required to establish that the movement consisted of a jerk or lurch that was unusual and violent (*see Golub v New York City Tr. Auth.,* 40 AD3d 581 [2007]; *Banfield v New York City Tr. Auth.,* 36 AD3d 732 [2007]). Here, in light of evidence showing, inter alia, that none of the other passengers on the crowded bus was caused to fall by the movement of the bus, the jury reasonably could have concluded that the plaintiff's fall was not caused by any negligence on the part of the bus operator (*cf. Golub v New York City Tr. Auth.,* 40 AD3d 581 [2007]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur.