■ FANA SAID et al., Appellants, v 109 INDUSTRIAL Co., LLC, Formerly Known as L.B. REALTY Co., et al., Defendants, and YOUJIN CORP., Doing Business as C-TOWN SUPERMARKET, Respondent. [892 NYS2d 767]

The plaintiff Fana Said allegedly was injured when she tripped and fell as she was walking on a sidewalk. Following a jury trial, the jury found that the defendant Youjin Corp., doing business as C-Town Supermarket (hereinafter C-Town), was not negligent. The plaintiffs subsequently moved pursuant to CPLR 4404 (a), inter alia, to set aside the jury verdict as contrary to the weight of the evidence or in the interest of justice, and for a new trial. In the order appealed from, the Supreme Court, inter alia, denied those branches of the motion. We affirm the order insofar as appealed from.

The standard for determining whether a jury verdict is contrary to the weight of the evidence is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached upon any fair interpretation of the evidence (*see Martin v New York City Tr. Auth.,* 48 AD3d 522 [2008]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). Further, "the jury's resolution of issues of credibility is entitled to great deference" (*Baldwin v City of New York,* 290 AD2d 465, 466 [2002]). Contrary to the plaintiffs' contentions, the jury's verdict was based upon a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *see also Martin v New York City Tr. Auth.,* 48 AD3d 522 [2008]; *Whitney v New York City Tr. Auth.,* 38 AD3d 766 [2007]). Thus, the Supreme Court properly denied that branch of the plaintiffs' motion which was to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

Additionally, the Supreme Court properly denied that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict in the interest of justice and for a new trial. To the extent that the plaintiffs' contention was preserved for appellate review, the record does not support a conclusion "that substantial justice has not been done" in this case (*Gomez v Park Donuts,* 249 AD2d 266, 267 [1998]; *see Havens v New York City Tr. Auth.,* 20 AD3d 391 [2005]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.