Lopez v Skyliner Travel & Tour Bus Corp. (2021 NY Slip Op 06611)





Lopez v Skyliner Travel & Tour Bus Corp.


2021 NY Slip Op 06611


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-13475
2019-09164
 (Index No. 505213/16)

[*1]Stephen A. Lopez, appellant 
v
Skyliner Travel & Tour Bus Corp., et. al., respondents.


Sullivan Papain Block McGrath Coffinas & Cannavo P.C., New York, NY (Stephen C. Glasser of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Michael R. Schneider and Stephanie M. Hibbert of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), entered November 5, 2018, and (2) an order of the same court dated June 3, 2019. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint. The order denied the plaintiff's motion pursuant to CPLR 4404(a), inter alia, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On March 10, 2016, at approximately 12:30 a.m., the plaintiff was riding his bicycle in a westerly direction on East 57th Street at its intersection with the Queensborough Bridge entrance ramp, when he collided with a bus owned by the defendant Skyliner Travel & Tour Bus Corp., and operated by the defendant Jacques S. Constant. The bus, which was also traveling in a westerly direction, was attempting to make a right turn onto the Queensborough Bridge entrance ramp when the collision occurred. The plaintiff commenced this action against the defendants. A jury trial was held on the issue of liability. During the charge conference, the Supreme Court denied the plaintiff's request to instruct the jury on the emergency doctrine. Thereafter, the jury found that Constant was not negligent. On November 5, 2018, a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff subsequently moved pursuant to CPLR 4404(a), inter alia, to set aside the verdict as against the weight of the evidence and for a new trial. The court denied the motion. The plaintiff appeals from the judgment and the order.
A jury verdict may not be set aside as against the weight of the evidence unless "'the [*2]evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746). Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence. Its credibility determination is entitled to deference (see Aronov v Kanarek, 166 AD3d 574, 575; Cicola v County of Suffolk, 120 AD3d 1379, 1382). "[T]he discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (Nicastro v Park, 113 AD2d 129, 133). Here, based upon the evidence introduced at trial, including video footage of the collision and the surrounding scene, the jury verdict was supported by a fair interpretation of the evidence (see id. at 133).
Contrary to the plaintiff's contention, he is not entitled to a new trial based upon the Supreme Court's refusal to charge the jury on the emergency doctrine. In any event, any error would have been harmless since the jury did not reach the issue of the plaintiff's negligence (see generally Silverstein v Marine Midland Trust Co. of N.Y., 35 AD3d 840; Chodos v Flanzer, 109 AD2d 771).
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court