Jones v Westchester County (2022 NY Slip Op 01774)





Jones v Westchester County


2022 NY Slip Op 01774


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-08383
 (Index No. 62715/15)

[*1]Gerald Jones, respondent,
v
Westchester County, appellant.


Keane & Bernheimer, PLLC, Valhalla, NY (Jason M. Bernheimer and Peter W. Yoars, Jr., of counsel), for appellant.
Sayegh & Sayegh, P.C., Yonkers, NY (Brendan O'Meara and Jaclyn S. Nesheiwat of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated June 25, 2018. The order, insofar as appealed from, in effect, granted the plaintiff's oral application pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the facts, with costs, the plaintiff's oral application pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial is denied, and the jury verdict is reinstated.
The plaintiff, a passenger in the back of a 60-foot articulated bus owned by the defendant, allegedly sustained injuries when the bus traveled over a speed bump, lifting him somewhat from his seated position and causing his shins to come into contact with the perpendicular armrest of the seat in front of him. The plaintiff commenced this personal injury action, which proceeded to a jury trial on the issue of liability. The jury rendered a verdict in favor of the defendant on the issue of liability, after which the plaintiff made an oral application pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. In an order dated June 25, 2018, the Supreme Court, inter alia, in effect, granted the application. The defendant appeals.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of 'jerks and jolts commonly experienced in city bus travel'" (Tomaszycki v New York City Tr. Auth., 194 AD3d 977, 978, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830). The plaintiff's proof must provide objective evidence of the force of the movement sufficient to establish an inference that the movement was extraordinary and violent, and therefore attributable to the negligence of the [*2]defendant (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d 823, 824-825).
A jury verdict may not be set aside as contrary to the weight of the evidence unless "the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d 101, 107). Here, giving due deference to the jury's credibility findings (see Lopez v Skyliner Travel & Tour Bus Corp., 199 AD3d 995, 996), it could have determined, based upon a fair interpretation of the evidence introduced at trial, including the testimony of the bus driver and a surveillance video, that the movement of the bus as it drove over the speed bump was one of the sort of "jerks and jolts commonly experienced in city bus travel" and not attributable to the negligence of the defendant (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Martin v New York City Tr. Auth., 48 AD3d 522; see also Banfield v New York City Tr. Auth., 36 AD3d 732, 732-733).
Accordingly, the plaintiff's application pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence and for a new trial should have been denied.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court