Desinor v Nassau County (2022 NY Slip Op 03496)





Desinor v Nassau County


2022 NY Slip Op 03496


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2020-00052
 (Index No. 604870/16)

[*1]Joseph Desinor, appellant, 
v
Nassau County, et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen and D. Allen Zachary of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Daniel D. Wang of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan), entered December 12, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside a jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 21, 2015, the plaintiff was traveling in his vehicle on Hempstead Avenue, near the intersection of Jamaica Avenue, when a collision occurred between the plaintiff's vehicle and a bus operated by the defendant Paul A. Gordon. The plaintiff commenced this action against the defendants to recover damages for personal injuries. A jury trial was held on the issue of liability. The jury found that Gordon was not negligent in his operation of the bus. The plaintiff subsequently moved pursuant to CPLR 4404(a), inter alia, to set aside the verdict as against the weight of the evidence and for a new trial. In an order entered December 12, 2019, the Supreme Court, among other things, denied that branch of the motion. The plaintiff appeals.
A jury verdict may not be set aside as against the weight of the evidence unless "'the evidence so preponderate[d] in favor of the [moving party] that [it] could not have been reached by any fair interpretation of the evidence'" (Killon v Parrotta, 28 NY3d 101, 107, quoting Lolik v Big V Supermarkets, 86 NY2d 744, 746; see Lopez v Skyliner Travel & Tour Bus Corp., 199 AD3d 995, 995-996; Mitchell v Quincy Amusements, Inc., 168 AD3d 925, 926). "This Court has clarified that this standard—by any fair interpretation of the evidence—'simply restates the guiding principle that in reviewing the whole trial to ascertain whether the conclusion was a fair reflection of the evidence, great deference must be given to the fact-finding function of the jury,' which had the opportunity to see and hear the witnesses" (Annunziata v City of New York, 175 AD3d 438, 441, quoting Nicastro v Park, 113 AD2d 129, 136). A trial court may not set aside a jury's verdict simply because it disagrees with the result; rather, "the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" [*2](Nicastro v Park, 113 AD2d at 133; see Lopez v Skyliner Travel & Tour Bus Corp., 199 AD3d at 996). Here, a fair interpretation of the evidence adduced at trial, which included the unrebutted testimony of the defendants' expert, supported the conclusion that Gordon was not negligent in his operation of the bus.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court