■ LENORA CRANDELL, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and PARKCHESTER SOUTH CONDOMINIUM et al., Appellants. [915 NYS2d 553]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 24, 2009, which, in an action for personal injuries allegedly sustained when plaintiff tripped and fell stepping into a hole in the sidewalk as she disembarked from a bus, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

The motion court correctly determined that issues of fact exist concerning the precise location of plaintiff's fall, either at or near a bus stop, thereby precluding a determination of whether appellants were responsible for maintaining the area of the sidewalk where the injury occurred (*see* Administrative Code of City of NY § 7-210).

We have considered appellants' remaining arguments, including that plaintiff's affidavit in opposition was inconsistent with her deposition testimony, and find them unavailing. Concur— Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.

■ HUDSON INSURANCE COMPANY, Plaintiff, and WESTCHESTER SURPLUS LINES INSURANCE COMPANY, Respondent, v DAVID MORSE & ASSOCIATES, INC., Appellant. [916 NYS2d 766]—Order, Supreme Court, New York County (Milton A. Tingling, J.), entered January 27, 2010, denying defendant's motion for summary judgment dismissing the claims asserted by plaintiff Westchester, unanimously affirmed, with costs.

Supreme Court correctly denied defendant's motion for summary judgment dismissing Westchester's claims. Triable issues of material fact exist as to whether Westchester has standing as plaintiff Hudson's contractual or equitable subrogee (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Concur— Tom, J.P., Mazzarelli, Renwick, Freedman and Manzanet-Daniels, JJ.