■ Robert Phillips, Plaintiff, v Atlantic-Hudson, Inc., et al., Appellants, and The Sisters of Charity of Saint Vincent De Paul of New York et al., Respondents, et al., Defendant. [963 NYS2d 582]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered December 28, 2011, which granted the motion of defendants-respondents (College defendants) for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff alleges that he was injured when he slipped on ice as he went to board a bus operated by defendants-appellants. The College defendants, which own the land abutting that sidewalk, established through the deposition testimony of a representative of defendant City of New York that the City's Department of Sanitation is responsible for clearing the subject area of snow and ice. Since it is clear that the area where plaintiff fell is a designated bus stop maintained by the City, even after enactment of Administrative Code of the City of New York § 7-210, the motion court properly granted the College defendants' motion (see Fernandez v Highbridge Realty Assoc., 49 AD3d 318, 319 [1st Dept 2008]; cf. Crandell v New York City Tr. Auth., 81 AD3d 407 [1st Dept 2011]).

In view of the foregoing, we need not address the remaining contentions. Concur—Tom, J.P., Acosta, Feinman and Clark, JJ.