■ Kathleen Bednark, Respondent, v City of New York, Respondent, et al., Defendants, and Heron Real Estate Corp. et al., Appellants. [7 NYS3d 75]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered October 11, 2013, which granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims as against it, and denied the motion of defendants Heron Real Estate Corp., BP America, Inc. and Accede, Inc. (Heron defendants) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny defendant City of New York's motion, and otherwise affirmed, without costs.

Plaintiff was injured when, while disembarking from the rear doors of a bus, she stepped onto an allegedly broken and uneven sidewalk causing her to fall; the Heron defendants owned the property that abutted the sidewalk. Located approximately 55 feet west of the location where plaintiff fell is a bus stop sign designating an M60 bus stop.

A bus stop is not delimited to the roadway where buses operate but includes the sidewalk where passengers board and disembark from the bus (see *Phillips v Atlantic-Hudson, Inc.*, 105 AD3d 639 [1st Dept 2013]; *Garcia-Martinez v City of New York*, 20 Misc 3d 1111[A], 2008 NY Slip Op 51321[U] [Sup Ct, NY County 2008], *affd* 68 AD3d 428 [1st Dept 2009]). The City's director of bus stop management testified that the length of the bus stop measured from the intersection of Second Avenue and westward along East 125th Street was 158 feet long, beginning 20 feet from the curb of Second Avenue. Plaintiff fell approximately 118 feet from the curb of Second Avenue. The fact that plaintiff believed she did not fall within the bus stop is immaterial since she has no knowledge regarding what defendant City of New York has designated to be the location of the bus stop. Since a triable issue of fact exists as to whether plaintiff fell within a designated bus stop location, we modify to reinstate the complaint as against the City.

The motion court's reliance on section 16-124.1 (a) (2) of the Administrative Code of the City of New York as limiting a bus stop to "five feet of the sidewalk and the gutter immediately adjacent to the curb," was misplaced. The regulation pertains to the City's responsibility to remove snow and ice adjacent to bus stops, and does not purport to define "bus stop" for all purposes. The regulation, which became effective three years post-incident, is in any event inapplicable. Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ. ■