■ KATHLEEN BEDNARK, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and HERON REAL ESTATE CORP. et al., Appellants. HERON REAL ESTATE CORP. et al., Third-Party Plaintiffs-Appellants, v CITY OF NEW YORK, Third-Party Defendant-Respondent. [30 NYS3d 72]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 3, 2014, which denied the motion of defendants Heron Real Estate Corp. (Heron), BP America, Inc. (BP) and Accede Inc. for summary judgment dismissing the complaint as against them, granted plaintiff's motion for partial summary judgment to the extent of dismissing Heron's eighth affirmative defense that it is not a proper party to the action, and granted the motion of third-party defendant City of New York for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to grant defendants' motion to the extent of dismissing the complaint as against BP and Accede Inc., and to deny the City's motion, and otherwise affirmed, without costs.

Plaintiff alleges that she was injured when she fell while disembarking from a bus at the same location where she was previously injured in the same manner as alleged in a prior action. In that action, this Court found that there was a triable issue of fact as to whether the location was part of a City designated bus stop (*Bednark v City of New York*, 127 AD3d 403 [1st Dept 2015]). The parties have not presented evidence here sufficient to resolve this issue as a matter of law.

Furthermore, dismissal of the action as against BP and Accede Inc. is warranted since they were tenants, not property owners, and no evidence was presented that they had any role in the creation of the defective condition on the sidewalk. Accordingly, they had no obligation to maintain the area where plaintiff allegedly fell (*see O'Brien v Prestige Bay Plaza Dev. Corp.*, 103 AD3d 428 [1st Dept 2013]).Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Gesmer, JJ. ■