Bednark v City of New York (2018 NY Slip Op 04659)





Bednark v City of New York


2018 NY Slip Op 04659


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Richter, J.P., Tom, Mazzarelli, Gesmer, Moulton, JJ.


102889/09 6952 6951

[*1]Kathleen Bednark, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Respondents. Heron Real Estate Corp., Defendant-Appellant, BP America, Inc. et al., Defendants.


Carman, Callahan & Ingham, LLP, Farmingdale (James M. Carman of counsel), for appellant.
Rheingold, Giuffra, Ruffo & Plotkin, LLP, New York (Jeremy A. Hellman of counsel), for Kathleen Bednark, respondent.
Zachary W. Carter, Corporation Counsel, New York (Diana Lawless of counsel), for City of New York, respondent.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority, respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered on or about May 11, 2017, which, insofar as appealed from, denied the motion of defendant Heron Real Estate Corp. (Heron) to set aside the verdict as against it, unanimously affirmed, without costs.
Heron is the owner of the property abutting the defective sidewalk on which plaintiff fell when alighting from a Transit Authority bus. On a prior appeal, this Court affirmed the denial of Heron's motion for summary judgment and reinstated the complaint as against defendant City of New York, finding that there was an issue of fact as to whether or not the area of the sidewalk where plaintiff fell was "within a designated bus stop location," which would be the City's responsibility to maintain rather than Heron's responsibility (127 AD3d 403, 404 [1st Dept 2015]; see Administrative Code of City of NY § 7-210).
At trial, the City's witness testified that the bus stop area extended 158 feet from the bus stop sign located beyond Heron's property, including a "no standing" zone in front of Heron's property. The City's witness made clear that his testimony about the length of the bus stop concerned an area in the street or roadway, not the sidewalk. He also testified that the City was responsible for maintaining the roadway and bus stop signs, and that he did not know who was responsible for maintaining the sidewalk. Thus, the evidence did not establish as a matter of law that the area where plaintiff fell was within a City designated bus stop (compare Phillips v Atlantic-Hudson, Inc., 105 AD3d 639 [1st Dept 2013]).
Accordingly, the jury's finding that plaintiff did not fall within a designated bus stop was supported by the evidence, and was not "utterly irrational" so as to warrant setting aside the verdict based on insufficiency grounds (Killon v Parrotta, 28 NY3d 101, 108 [2016] [internal quotation marks omitted]). Nor
was the verdict based upon an unfair interpretation of the evidence, so as to justify setting aside the verdict as against the weight of the evidence (see id. at 107-108).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK