McCormick v City of New York (2018 NY Slip Op 07175)





McCormick v City of New York


2018 NY Slip Op 07175


Decided on October 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018

Kapnick, J.P., Webber, Oing, Moulton, JJ.


7456 306837/13

[*1]April McCormick, Plaintiff-Appellant,
v
City of New York, Defendant, Serafina Reda, Defendant-Respondent.


Sclar Law Group LLP, Bronx (Wesley M. Serra of counsel), for appellant.
D'Amato & Lynch, LLP, New York (Robert D. Lang of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about April 26, 2017, which granted the motion of defendant Serafina Reda for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff alleges that she tripped and fell over a gap between flagstones on a public sidewalk abutting property owned by Reda, and south of a bus shelter maintained by defendant City. Under Administrative Code of City of NY § 7-210, an abutting property owner has a duty to maintain the public sidewalk (Bronfman v East Midtown Plaza Hous. Co., Inc., 151 AD3d 639 [1st Dept 2017]), but the City continues to be responsible for maintaining any part of the sidewalk that is "within a designated bus stop location" (Bednark v City of New York, 127 AD3d 403, 404 [1st Dept 2015]; see also Bednark v City of New York, 162 AD3d 565 [1st Dept 2018]).
In support of her motion for summary judgment, Reda submitted evidence, including photographs showing where plaintiff fell near a bus shelter and next to a yellow-marked curb, and the City's admission that it owns the bus stop pole shown in a photograph. However, absent any applicable statute or any evidence defining the parameters of a bus stop, a triable issue of fact exists as to whether the part of the sidewalk where plaintiff fell is within a designated bus stop that the City is required to maintain (see Munasca v Morrison Mgt. LLC, 111 AD3d 564 [1st Dept 2013]; compare Phillips v Atlantic-Hudson, Inc., 105 AD3d 639 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 25, 2018
CLERK