Perez v Raymours Furniture Co., Inc. (2019 NY Slip Op 05083)





Perez v Raymours Furniture Co., Inc.


2019 NY Slip Op 05083


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9715 9714 43310/17E

[*1]Melissa Perez, Plaintiff-Respondent,
v
Raymours Furniture Company, Inc., Defendant-Respondent, Bay Plaza Community Center, LLC, et al., Defendants-Appellants. 
[And a Third-Party Action]


Law Offices of Tobias & Kuhn, New York (Michael V. DiMartini of counsel), for appellants.
Law Offices of Stephen B. Kaufman, Bronx (Angelique Pesce of counsel), for Melissa Perez, respondent.
Law Office of Tromello & Fishman, Tarrytown (Silvia C. Souto of counsel), for Raymours Furniture Company, Inc., respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 28, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Raymours Furniture Company, Inc. (Raymours) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs. Order, same court and Justice, entered November 28, 2018, which denied the motion of defendants Bay Plaza Community Center, LLC (Bay Plaza) and SP Center, LLC (SP) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
In this personal injury action arising from a slip and fall on ice, Supreme Court properly denied the owner defendants' (Bay Plaza and SP) motion for summary judgment dismissing the complaint. Although the meteorological records and the expert meteorological affidavits demonstrate that there was a storm in progress when the accident happened, a warehouse associate employed by Raymours testified at his deposition that he saw ice on the ground the loading dock about a week before plaintiff's fall and defendants submitted no evidence as to when the area was last inspected or cleaned before the accident. In these circumstances, there are triable issues of fact as to whether plaintiff's fall was caused by pre-existing ice on the ground or the storm in progress and whether Bay Plaza and SP had a reasonable time to remedy any alleged icy condition before the date of plaintiff's fall (see Bagnoli v 3GR/228 LLC, 147 AD3d 504, 505 [1st Dept 2017]; Guzman v Broadway 922 Enters., LLC, 130 AD3d 431, 432 [1st Dept 2015]).
Dismissal of the complaint and all cross claims against Raymours was, however, warranted because there is no evidence that its employees caused or created the icy condition and the lease agreement is clear that Raymours, as a tenant, was not
obligated to maintain the area where plaintiff allegedly fell (see Bednark v New York City Tr. Auth., 138 AD3d 584 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK