Smoot v Rite Aid (2020 NY Slip Op 03723)





Smoot v Rite Aid


2020 NY Slip Op 03723


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Richter, J.P., Kapnick, Webber, Gesmer, Moulton, JJ.


11735 301434/14

[*1] Charlene Smoot, Plaintiff-Respondent,
v
Rite Aid, et al., Defendants-Appellants, 925 Fuertes Realty, LLC, et al., Defendants.
Rite Aid of New York, Inc., Third-Party Plaintiff-Appellant,
v
City of New York, Third-Party Defendant-Respondent. [And Another Third-Party Action]


Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Adam C. Calvert of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Charlene Smoot, respondent.
James E. Johnson, Corporation Counsel, New York (Mackenzie Fillow of counsel), for City of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 1, 2019, which denied defendants Rite Aid and USM, Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
After disembarking from a New York City Transit Authority bus, plaintiff slipped on snow on the sidewalk in front of a building leased to defendant Rite Aid. Rite Aid is required under its lease with the property owners to maintain the sidewalk, and had entered into a contract with defendant USM to remove snow. Defendants contend that they are not responsible for maintaining the area where plaintiff fell, because maintenance of bus stops is the City's responsibility and because they are not contractually responsible for clearing snow from that area.
Defendants failed to demonstrate as a matter of law that the area where plaintiff fell is a "designated bus stop location" (see Bednark v City of New York, 127 AD3d 403, 404 [1st Dept 2015]; Phillips v Atlantic-Hudson, Inc., 105 AD3d 639 [1st Dept 2013]). The deposition testimony of the bus driver and Department of Sanitation supervisors does not establish that the location of plaintiff's fall near the rear of the bus was within a designated bus stop. Nor, contrary to defendants' contention, are the exact parameters of a designated bus stop established by Administrative Code § 16-124.1, which requires the Sanitation Department to prepare plans for snow removal from streets and sidewalks (id. 16-124.1[b]). Section 16-124.1 does not define the length of a bus stop, but states only that the bus stop includes five feet of the sidewalk adjacent to the curb in a location that is marked by "signage" for passengers to be picked up or discharged (id. § 16-124.1[a][2]; see Bednark v City of New York, 162 AD3d 565, 566 [1st Dept 2018]).
Defendants contend that their contract and Rite Aid's lease do not require them to clear the bus stop area of the sidewalk. However, both agreements require snow removal from public sidewalks, and the contract includes "key transit stops." While the property owners have a nondelegable duty to clear snow and ice from the abutting public sidewalk (Administrative Code of City of NY § 7-210[a]), they and Rite Aid, as tenant, may be held liable as joint tortfeasors for failure to fulfill their respective maintenance obligations (see LaRosa v Corner Locations II, L.P., 169 AD3d 512 [1st Dept 2019]). In addition, defendants failed to demonstrate that their admitted snow removal activities on the sidewalk in front of the premises before the accident did not cause or create the dangerous condition.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK