Moonilal v Roman Catholic Church of St. Mary Gate of Heaven (2024 NY Slip Op 01172)

Moonilal v Roman Catholic Church of St. Mary Gate of Heaven

2024 NY Slip Op 01172

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-08362
 (Index No. 708627/18)

[*1]Gangabasi Moonilal, appellant, 
v
Roman Catholic Church of St. Mary Gate of Heaven, respondent.

The Barnes Firm, P.C., Garden City, NY (Robert Seigal and Martha M. Pigott of counsel), for appellant.
Landman Corsi Ballaine & Ford P.C., New York, NY (William G. Ballaine, Patricia U. Hines, and Ronald E. Joseph of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 15, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
In 2017, the plaintiff allegedly was injured when she tripped and fell on a sidewalk adjacent to property owned by the defendant. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendant was liable pursuant to Administrative Code of the City of New York § 7-210, which imposes tort liability on certain adjacent property owners who fail to maintain city-owned sidewalks in a reasonably safe condition (see id. § 7-210[a]). The defendant moved for summary judgment dismissing the complaint. In support of the motion, the defendant asserted that the plaintiff's own deposition testimony established that the area where the plaintiff tripped and fell was a bus stop and, therefore, the City of New York was responsible for maintaining the sidewalk in that location. The plaintiff opposed the motion. The Supreme Court granted the motion, and the plaintiff appeals.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Morejon v New York City Tr. Auth., 216 AD3d 134, 136). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility, but merely to determine whether such issues exist (see Stukas v Streiter, 83 AD3d 18, 23).
Under Administrative Code § 7-210, an abutting property owner has a duty to maintain the public sidewalk, but the City continues to be responsible for maintaining any part of the sidewalk that is within a designated bus stop location (see id. § 7-210[a]; McCormick v City of New York, 165 AD3d 565, 565; Shaller v City of New York, 41 AD3d 697).
Here, the defendant failed to demonstrate, prima facie, that the area of the sidewalk where the accident occurred was within a designated bus stop location maintained by the City (see Administrative Code § 7-210; Earle v City of New York, 223 AD3d 880; Smoot v Rite Aid, 185 AD3d 411; McCormick v City of New York, 165 AD3d at 565; Bednark v City of New York, 127 AD3d 403; Munasca v Morrison Mgt. LLC, 111 AD3d 564; Crandell v New York City Tr. Auth., 81 AD3d 407). Moreover, the Supreme Court's reliance on Administrative Code § 16-124.1 was misplaced (see Smoot v Rite Aid, 185 AD3d at 412; Bednark v City of New York, 127 AD3d at 404). Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Accordingly, the court should have denied the defendant's motion for summary judgment dismissing the complaint.
MALTESE, J.P., GENOVESI, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court