Splaine v New Gold Equities Corp. (2025 NY Slip Op 06556)

Splaine v New Gold Equities Corp.

2025 NY Slip Op 06556

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 158782/17|Appeal No. 5233|Case No. 2024-06744|

[*1]Carol A. Splaine, Respondent,
v
New Gold Equities Corp., etc., Appellant, Carve Unique Sandwiches, Defendant.

Sokoloff Stern, LLP, Carle Place, (Marissa Embola of counsel) for appellant.
O'Hare Parnagian LLP, New York (Robert A. O'Hare Jr. of counsel) for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 27, 2024, which, to the extent appealed from, denied the motion of defendant New Gold Equities Corp., individually and as successor-in-interest to IG Greenpoint Corp., for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Supreme Court properly denied New Gold's motion for summary judgment as issues of fact remain as to the applicability of the storm-in-progress doctrine. Defendants' expert opined that the snowstorm ended less than four hours before plaintiff's accident, but plaintiffs' expert opined that the snowstorm in fact ended more than four hours before the accident, with only trace amounts of precipitation falling for some time afterward (see Gill v BK Bryant Ave. HDFC., Inc., 220 AD3d 528, 528 [1st Dept 2023]; see also Tracy v 29-33 Convent Ave. Hous. Dev. Fund Corp., 179 AD3d 612, 613 [1st Dept 2020]; Haraburda v City of New York, 168 AD3d 485, 486 [1st Dept 2019]). Issues of fact also remain as to whether defendant Carve Unique Sandwiches, New Gold's tenant, negligently cleared snow and ice from the sidewalk thereby causing or creating a dangerous condition (see Gill, 220 AD3d at 528; Pipero v New York City Tr. Auth., 69 AD3d 493, 493 [1st Dept 2010]). Although New Gold can permissibly delegate the work of maintaining the sidewalk to Carve, the duty itself is nondelegable (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 174 [2019]; see Administrative Code of City of NY § 7-210), and thus, New Gold, as the property owner, "may be held liable as [a] joint tortfeasor[] for failure to fulfill [its] respective maintenance obligations" (Smoot v Rite Aid, 185 AD3d 411, 413 [1st Dept 2020], lv dismissed 36 NY3d 927 [2020]).
Finally, New Gold did not establish its lack of actual or constructive notice because it submitted no evidence as to when the sidewalk was last inspected or cleaned of snow and ice or evidence of the condition of the sidewalk prior to plaintiff's accident (see Ndiaye v NEP W. 119th St. LP, 124 AD3d 427, 428 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025