■ PEDRO MEJIA et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY et al., Appellants. [823 NYS2d 108]—

In an action to recover damages for personal injuries, etc., the defendant New York City Housing Authority appeals, and the defendant Trocom Construction separately appeals, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 24, 2005, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Pedro Mejia (hereinafter the plaintiff) tripped and fell while walking backwards, looking up, and spraying insecticide as he was working for a nonparty tree service company. The plaintiffs allege that his fall was occasioned by loosened and uneven dirt and tracks caused by the treads of backhoe tires. The accident site was owned by the defendant New York City Housing Authority (hereinafter the Housing Authority). The defendant Trocom Construction (hereinafter Trocom) was a general contractor hired by the Housing Authority to oversee the property's development by various subcontractors.

As the owner of the subject premises, the Housing Authority had a duty to maintain its property in a safe condition. To establish its prima facie entitlement to judgment as a matter of law, the Housing Authority was required to show that it neither created the allegedly dangerous condition nor had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). The plaintiff testified that, upon arriving at work at 10:00 A.M., he observed the allegedly dangerous ground condition which caused him to fall, and that the accident occurred at 11:30 A.M. Thus, while the Housing Authority established that it neither created the allegedly dangerous condition nor had actual notice of it, it did not establish the absence of a triable issue of fact as to whether the condition existed for a sufficient period of time prior to the accident to afford it constructive notice of the condition.

The plaintiff testified that the uneven ground on which he fell was caused by tire tracks made by a tractor or backhoe, and John Kopec, the Housing Authority's general supervisor of construction, testified that Trocom and its subcontractors were the only contractors working on the property on the day of the accident. Thus, there exists a triable issue of fact as to whether Trocom created the allegedly dangerous condition that caused the plaintiff's accident (*see Pickering v Lehrer, McGovern, Bovis, Inc.*, 25 AD3d 677 [2006]; *Williams v O & Y Concord 60 Broad St. Co.*, 304 AD2d 570, 571 [2003]; *Malanga v City of New York*, 300 AD2d 549, 550 [2002]).

The fact that the alleged defective condition at issue, namely a depression in the ground, was readily observable, merely speaks to the injured plaintiff's possible comparative fault (*see Cupo v Karfunkel*, 1 AD3D 48 [2003]). Moreover, the issue of proximate cause is properly left for the trier of fact. It cannot be determined as a matter of law that the act of walking backwards while spraying trees with insecticide was so extraordinary and removed from the course of conduct to be expected of one treating trees, so as to break the causal connection between the plaintiff's injuries and any negligence on the part of the Housing Authority and Trocom (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

The remaining contentions of the Housing Authority and Trocom are without merit.

Accordingly, the Supreme Court properly denied the motions of the Housing Authority and Trocom for summary judgment dismissing the complaint insofar as asserted against them. Adams, J.P., Santucci, Fisher and Dillon, JJ., concur.