*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: February 26, 2015                    518601
_____

STACY S. KILLON,

                     Respondent,

          v                                    MEMORANDUM AND ORDER

ROBERT A. PARROTTA,

                     Appellant.
_____

Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                     _____


          Gregory V. Canale, Glens Falls, for appellant.

          Brennan & White, LLP, Queensbury (Joseph R. Brennan of
counsel), for respondent.


                     _____


Lynch, J.


          Appeals (1) from an order of the Supreme Court (Muller,
J.), entered December 31, 2013 in Warren County, which, among
other things, granted plaintiff's motion to set aside the verdict
on the issue of certain damages and ordered a new trial on such
damages, and (2) from the judgment entered thereon.

          Plaintiff commenced this action to recover for injuries
sustained when defendant struck him in the face with a metallic
baseball bat.  After a jury returned a verdict in defendant's
favor, this Court reversed the order and judgment and remitted
the matter to Supreme Court for a new trial (98 AD3d 828 [2012]).
At the second trial, the jury returned a verdict in favor of
plaintiff on the issue of liability and awarded him damages in
the amount of $200,000 for past medical expenses and $25,000 for
future pain and suffering; the jury awarded no damages for past

pain and suffering.  Upon the parties' motions, the court, among other things, set aside the verdict as to the damages for past and future pain and suffering and directed a new trial on said damages.  Defendant now appeals.

We reject defendant's claim that Supreme Court erred because it did not issue a justification charge to the jury.  The justification defense is not available to the initial aggressor, and defendant concedes that, pursuant to this Court's prior decision, he was the "initial aggressor" (98 AD3d at 830; see Penal Law § 35.15 [1] [b]).  The purpose of the law of the case doctrine is "to avoid the retrial of issues already determined in the same case.  Its application is exclusively to questions of law and makes a legal determination in a given case binding upon all parties" (Brown v State of New York, 250 AD2d 314, 320 [1998] [citations omitted]).  By the prior decision, this Court, with knowledge that plaintiff was the first to swing, determined that "the jury's conclusion that defendant was not the first to threaten the immediate use of physical force is unreachable on any fair interpretation of the evidence" (98 AD3d at 830).  At the retrial, the parties confirmed that the testimony and evidence were not different from that considered during the first trial.  Under the circumstances presented, therefore, we perceive no error in the Court's refusal to issue the justification charge.

Defendant also contends that Supreme Court should have given the jury a charge on comparative fault (see CPLR 1411).  We disagree.  To begin, although the court gave such an instruction in the first trial, we do not agree with defendant that the court was bound to give the same charge in the second trial (see Halpern v Amtorg Trading Corp., 292 NY 42, 47-48 [1944]; New York State Urban Dev. Corp. v Wanger, 90 AD2d 648, 648 [1982], lv denied 59 NY2d 602 [1983]).  We also recognize that "culpable conduct" as described in CPLR 1411 includes "intentional misconduct" (Arbegast v Board of Educ. of S. New Berlin Cent. School, 65 NY2d 161, 167 [1985] [internal quotation marks and citation omitted]).  In a civil action for assault, however, "a defendant may show, in mitigation of damages, that [the] plaintiff's words or actions immediately preceding the assault provoked defendant's assault" (Pirodsky v Pirodsky, 179 AD2d

1066, 1066 [1992]; see Totaro v Scarlatos, 63 AD3d 1144, 1145 [2009]; 2A NY PJI2d 3:3 at 18). Here, in lieu of a comparative fault charge under CPLR 1411, the court instructed the jury that it could consider any contemporaneous, provocative conduct on plaintiff's part in mitigation of plaintiff's damages award. By so charging, the relative degree of culpability as to damages between plaintiff and defendant was duly presented to the jury.[1]

Defendant also contends that Supreme Court erred by not granting a mistrial or issuing a curative instruction after Leah Printy, defendant's ex-wife and plaintiff's friend, testified that, prior to the incident at issue, defendant had threatened to beat her. We perceive no error. "'[E]vidence is relevant if it tends to prove the existence or nonexistence of a material fact, i.e., a fact directly at issue in the case'" (Johnson v Ingalls, 95 AD3d 1398, 1399 [2012], quoting People v Primo, 96 NY2d 351, 355 [2001]). Evidence of prior bad acts may be admissible where the acts "provide necessary background or complete a witness's narrative" (People v Tarver, 2 AD3d 968, 969 [2003]). Here, plaintiff testified that he telephoned and threatened defendant after Printy disclosed to him that defendant had threatened her. As the court charged the jury to consider plaintiff's provocative conduct in mitigation of damages (see PJI 3:3), Printy's testimony was relevant because it provided context for plaintiff's conduct, was inextricably interwoven with the evening's events and bore on the jury's consideration of the mitigation issue (see People v Tarver, 2 AD3d at 969).

Finally, based on our review of the record, we find that Supreme Court properly set aside the award for plaintiff's past and future pain and suffering. Generally, "the amount awarded as damages for personal injuries is a factual question for the jury" (Vogel v Cichy, 53 AD3d 877, 878 [2008] [internal quotation marks and citation omitted]), and a court may set aside such award as inadequate only where "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; accord Vogel v Cichy, 53 AD3d at 878). To determine whether an award is reasonable, we

---

[1] The jury determined that plaintiff's conduct did not provoke defendant.

must consider comparable cases, and "'the nature, extent and permanency of the injuries, the extent of past, present, and future pain and the long-term effects of the injury'" (Vincent v Landi, 123 AD3d 1183, 1186 [2014], quoting Nolan v Union Coll. Trust of Schenectady, N.Y., 51 AD3d 1253, 1256 [2008], lv denied 11 NY3d 705 [2008]).

Here, plaintiff's surgeon, Robert DeFatta, testified that, to repair plaintiff's shattered mandible and open fracture in his mouth, he had to perform a tracheotomy before repairing the lacerations in plaintiff's mouth and surgically reconstructing the bone fragments within a mesh device that, ideally, would promote regrowth of the bone. DeFatta explained that, due in part to the traumatic injuries to plaintiff's mouth, the bone did not grow as hoped and plaintiff suffered recurring infections. Consequently, DeFatta conducted seven more procedures to clean the area, remove teeth, remove bone fragments and the mesh device, and to attempt to close a hole that had formed through plaintiff's skin at his jaw line. DeFatta testified that plaintiff will likely need further reconstructive surgery and that, as a result of his injuries, plaintiff's diet has been limited, his speech affected and he suffers from chronic pain.

Based on DeFatta's and plaintiff's uncontroverted testimony, coupled with the common-sense conclusion that plaintiff suffered a painful injury (see Albanese v Przybylowicz, 116 AD3d 1216, 1219 [2014]), we find that the jury's failure to award damages for plaintiff's past pain and suffering deviated materially from reasonable compensation (see Vogel v Cichy, 53 AD3d at 880; Scott v Yurkewecz, 234 AD2d 673, 674-675 [1996]). Further, we agree with Supreme Court that the jury's award for future pain and suffering should have been itemized (see CPLR 4111 [e]), and our ability to review the award pursuant to CPLR 5501 (c) is impeded without such itemization. Nevertheless, having considered both comparable cases and the record and uncontroverted medical testimony, we find that a new trial is required on the issues of past and future pain and suffering unless defendant stipulates to an award of $200,000 for past pain and suffering and $150,000 for future pain and suffering (see Love v Rockwell's Intl. Enters., LLC, 83 AD3d 914, 915-916 [2011] [$175,000 for past pain and suffering for broken jaw, no

surgery]; <u>Atkinson v Buch</u>, 17 AD3d 222, 222 [2005] [$75,000 for past pain and suffering for broken jaw, no surgery]; <u>Stiuso v City of New York</u>, 228 AD2d 663, 663-664 [1996] [$650,000 for past pain and suffering and $487,500 for future pain and suffering for broken jaw with loss of one eye]; <u>Sorensen v Nazarian</u>, 175 AD2d 417, 418 [1991] [$150,000 past pain and suffering and $50,000 future pain and suffering for broken jaw and loss of teeth]; <u>Wingate v City of New York</u>, 2013 NY Slip Op 33687[U], *2-*3 [2013] [$65,000 for past pain and suffering and $104,000 for future pain and suffering for broken jaw with two surgeries]). In the event that a new trial is held, the resulting damages award should be itemized pursuant to CPLR 4111 (e).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the order and judgment are modified, on the facts, without costs, by ordering a new trial on the issues of past and future pain and suffering unless, within 20 days after service of a copy of the order herein, defendant stipulates to increase the awards for past pain and suffering to $200,000 and for future pain and suffering to $150,000, in which event said order and judgment, as so modified, are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court