Salas v Bellair Laser Ctr., Inc. (2020 NY Slip Op 03814)





Salas v Bellair Laser Ctr., Inc.


2020 NY Slip Op 03814


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-00415
 (Index No. 3247/15)

[*1]Delia Salas, respondent, 
v
Bellair Laser Center, Inc., appellant.


Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Elmsford, NY (James M. Skelly and Faizan T. Habeeb of counsel), for appellant.
Krentsel & Guzman, LLP (Michael H. Zhu, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Allan B. Weiss, J.), entered November 17, 2017. The judgment, upon a jury verdict and upon an order of the same court dated October 2, 2017, is in favor of the plaintiff and against the defendant in the principal sum of $255,525.
ORDERED that the judgment is affirmed, with costs.
On November 10, 2014, the plaintiff underwent a cosmetic laser procedure at the defendant, Bellair Laser Center, Inc. The plaintiff allegedly suffered burns, discoloration, and discomfort to the areas treated. The plaintiff subsequently commenced the instant action to recover damages for personal injuries.
The matter proceeded to a jury trial. After the plaintiff rested, the defendant made an oral application for a directed verdict, arguing that the plaintiff failed to make out a prima facie case. The Supreme Court denied the application. Subsequently, the jury returned a verdict finding that the defendant was negligent in the performance of the laser treatment and that the defendant's negligence was a substantial factor in causing the plaintiff's injuries, and awarding damages.
After the jury rendered its verdict, the defendant renewed its application for a directed verdict, and made an oral application to set aside the verdict as against the weight of the evidence. The Supreme Court denied the applications. On October 2, 2017, the court issued an order, in effect, directing a new trial unless the plaintiff stipulated to reducing the damages award. Thereafter, on November 17, 2017, upon the jury verdict, and upon the order dated October 2, 2017, judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $255,525. The defendant appeals.
"On a legal sufficiency challenge, whether made pursuant to CPLR 4401 at the close of the plaintiffs' case or pursuant to CPLR 4404(a) to set aside the jury verdict, the relevant inquiry is whether there is any rational process by which the trier of fact could base a finding in favor of the nonmoving party" (Morgan-Word v New York City Dept. of Educ., 161 AD3d 1065, 1067; see Szczerbiak v Pilat, 90 NY2d 553, 556). For an appellate court "to hold that a jury verdict is [*2]insufficient as a matter of law, it must first determine that the verdict is utterly irrational'" (Killon v Parrotta, 28 NY3d 101, 108, quoting Campbell v City of Elmira, 84 NY2d 505, 510). "To conclude that a verdict is utterly irrational, requiring vacatur of the verdict, the Court must determine that there is simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Killon v Parrotta, 28 NY3d at 108, quoting Campbell v City of Elmira, 84 NY2d at 509). Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 133-134).
Here, affording the plaintiff the benefit of every inference that may properly be found from the evidence presented and considering the evidence in a light most favorable to her (see Morgan-Word v New York City Dept. of Educ., 161 AD3d at 1068), the jury verdict finding that the defendant negligently performed the cosmetic laser treatment at issue, and that its negligence proximately caused the plaintiff's injuries, was not utterly irrational. The verdict was also based on a fair interpretation of the evidence. The plaintiff's treating dermatologist, who examined the plaintiff both before and after the treatments she received from the defendant, testified that, when performing a cosmetic laser procedure on a person with the plaintiff's skin color, it is appropriate to first test the laser for adverse reactions on a small area of skin and, if there are adverse reactions, make appropriate adjustments, which the defendant did not do. Additionally, the plaintiff, her dermatologist, and her subsequent treating psychiatrist all testified that the plaintiff suffered injuries as a result of the cosmetic laser treatment at issue. Accordingly, we agree with the Supreme Court's determination denying the defendant's applications for a directed verdict and to set aside the verdict as against the weight of the evidence.
The defendant's remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court