Borgella v City of New York (2021 NY Slip Op 06073)





Borgella v City of New York


2021 NY Slip Op 06073


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 151413/14 Appeal No. 14571 Case No. 2020-03370 

[*1]Pierre Borgella, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.


Pollack Pollack Isacc & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.



Judgment, Supreme Court, New York County (Mary V. Rosado, J.), entered July 14, 2020, upon a jury verdict in defendants' favor, dismissing the complaint, and bringing up for review a trial ruling, same court and Justice, rendered on or about June 5, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a directed verdict on the issue of liability, unanimously affirmed, without costs.
As an initial matter, we find no merit to the argument that the appeal should be dismissed because plaintiff's appendix is insufficient. There is no basis in this record to disturb the jury's credibility determinations concerning how the accident occurred. The jury credited the firefighters' testimony that while on an emergency run the fire truck's lights, horns and sirens were operational, and that plaintiff's taxicab was double-parked when the fire truck struck the driver-side rear portion of the vehicle. The jury's verdict that defendants were not negligent is supported by legally sufficient evidence and not against the weight of the evidence (see generally Killon v Parrotta, 28 NY3d 101, 108 [2016]; Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Although a taxicab may double park to pick up or discharge passengers (34 RCNY 4-11 [c]), vehicles must yield and provide clear passage for an emergency vehicle that has its lights, horns, and sirens operational, which plaintiff failed to do (see Vehicle and Traffic Law § 1144 [a]). We find that the trial court provided proper response to a jury question seeking clarification on the law regarding negligence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021