Ormond v MTA/New York City Tr. Auth. (2022 NY Slip Op 06710)

Ormond v MTA/New York City Tr. Auth.

2022 NY Slip Op 06710

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2019-11654
 (Index No. 12046/13)

[*1]Deborah Ormond, respondent,
v
MTA/New York City Transit Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Burns & Harris, New York, NY (Blake G. Goldfarb, Jason S. Steinberg, and Judith F. Stempler of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Richard Velasquez, J.), entered August 9, 2019. The judgment, upon a jury verdict on the issue of liability finding that the defendant was 100% at fault in the happening of the accident, upon the denial of the defendant's oral application pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of, inter alia, $1,300,000 for past pain and suffering and $1,600,000 for future pain and suffering, is in favor of the plaintiff and against the defendant in the total sum of $3,318,518.40.
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff for past pain and suffering and future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering and future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the principal sum of $1,300,000 to the principal sum of $1,000,000, and for future pain and suffering from the principal sum of $1,600,000 to the principal sum of $700,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when she tripped and fell on a raised piece of sidewalk, where it abutted a subway grate. After a trial on the issue of liability, a jury found that the defendant was negligent, that the defendant's negligence was a substantial factor in causing the accident, and that the plaintiff was not negligent. The Supreme Court denied the defendant's oral application pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability. After a trial on the issue of damages, the jury awarded the plaintiff, inter alia, damages for past pain and suffering in the principal sum of $1,300,000, and damages for future pain and suffering in the principal sum of $1,600,000.
Contrary to the defendant's contention, the jury was properly instructed that if it found that the defendant violated New York City Administrative Code § 19-152(a)(4), the violation could be considered some evidence of negligence. "A regulation establishing a standard of conduct should be charged if there is evidence in the record to support a finding that the regulation was violated" (Gayle v City of New York, 256 AD2d 541, 542). The plaintiff's testimony, and the photographs of the sidewalk defect which were admitted into evidence, constituted evidence to support a finding that the defendant violated New York City Administrative Code § 19-152(a)(4), which defines a substantial defect as "a trip hazard, where the vertical grade differential between adjacent sidewalk flags is greater than or equal to one half inch or where a sidewalk flag contains one or more surface defects of one inch or greater in all horizontal directions and is one half inch or more in depth" (emphasis added).
A determination of comparative negligence is almost invariably a question of fact and is for the jury to determine in all but the clearest of cases (see Shea v New York City Tr. Auth., 289 AD2d 558, 559; Williams v City of New York, 101 AD2d 835, 836). Here, there was a valid line of reasoning and permissible inferences which could lead a rational person to conclude that the plaintiff was not comparatively negligent (see Lauria v City of New York, 52 AD3d 577, 578; Nicastro v Park, 113 AD2d 129, 132). Moreover, the jury's finding that the plaintiff was free from negligence in the happening of the accident was not contrary to the weight of the evidence (see Simmons v New York City Tr. Auth., 110 AD3d 625; Cotto v Coyle, 258 AD2d 554).
However, the jury's awards for past and future pain and suffering deviated materially from what would be reasonable compensation to the extent indicated (see CPLR 5501[c]).
DILLON, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court