Isaac v 135 W. 52nd St. Owner LLC (2023 NY Slip Op 06085)

Isaac v 135 W. 52nd St. Owner LLC

2023 NY Slip Op 06085

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 158529/14 Appeal No. 1110 Case No. 2022-05032 

[*1]Brian Isaac, Plaintiff-Appellant,
v
135 West 52nd Street Owner LLC et al., Defendants-Respondents, New Line Structures, Inc., Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Cascone & Kluepfel, LLP, Farmingdale (Richard J. Calabrese of counsel), for respondents.

Judgment, Supreme Court, New York County (Sabrina Kraus, J.), entered November 1, 2022, upon a jury verdict in favor of defendants 135 West 52nd Street Owner LLC and New Line Construction Corp., dismissing the complaint, and bringing up for review an order, same court and Justice, entered August 11, 2022, which denied plaintiff's motion to set aside the verdict, unanimously reversed, on the law and the facts, without costs, the judgment vacated, plaintiff's motion granted to the extent of setting aside the jury's verdict as to defendants' negligence, and the matter remanded for further proceedings in accordance herewith.
In this personal injury action stemming from plaintiff's fall from a scaffold at a construction site, the jury answered "Yes" to the special interrogatory, "Did the accident happen substantially in the manner claimed by plaintiff?", but "No" to the following interrogatory of whether defendants, in effect, violated Labor Law § 240(1). Had the jury answered "Yes" to that interrogatory, it would have then been asked whether defendants' violation of Labor Law § 240(1) was a proximate cause of plaintiff's accident and injuries; however, it did not answer that interrogatory, given its finding that defendants did not violate the statute. Thus, because the jury did not reach the issue of proximate causation, the verdict is not irreconcilably inconsistent (see e.g. Madsen v Catamount Dev. Corp., 188 AD3d 423, 424 [1st Dept 2020]; KBL, LLP v Community Counseling & Mediation Servs., 123 AD3d 488, 489 [1st Dept 2014]; Watson v Jade Luxury Transp. Corp., 114 AD3d 495, 496 [1st Dept 2014]).
Nevertheless, the jury's verdict that defendants did not violate Labor Law § 240(1) was against the weight of the evidence (see generally Killon v Parrotta, 28 NY3d 101, 107-108 [2016]; Lolik v Big V Supermarkets, 86 NY2d 744, 746[ 1995]; Cohen v Hallmark Cards, 45 NY2d 493, 498 [1978]). The scaffold on which plaintiff was working at the time of his accident failed to adequately protect him from a height-related hazard when his core drill jerked, causing him to fall backward (see e.g. Deschaine v Tricon Constr., LLC, 187 AD3d 599, 600 [1st Dept 2020]; Sanchez v Bet Eli Co. Del. LLC, 177 AD3d 478, 479 [1st Dept 2019]; Camacho v Ironclad Artists Inc., 174 AD3d 426, 427 [1st Dept 2019]). "It does not matter whether plaintiff's fall was the result of the scaffold . . . tipping, or was due to plaintiff misstepping off its side. In [either] of those circumstances, either defective or inadequate protective devices constituted a proximate cause of the accident" (Vergara v SS 133 W. 21, LLC, 21 AD3d 279, 280 [1st Dept 2005]). Since the remedy for a verdict that is against the weight of the evidence is a new trial (see Killon, 28 NY3d at 108), the issues of whether defendants violated Labor Law § 240 (1), whether such violation proximately caused plaintiff's accident and injuries, and damages should be retried.[FN1]
In view of the foregoing, we need not reach plaintiff's [*2]remaining contention that a new trial is required in the interest of justice because of defense counsel's insinuation throughout the trial that defendants could not have violated Labor Law § 240 (1) because guardrails or safety rails were not required by the Industrial Code, given the height at which plaintiff was working at the time of his accident. We note that compliance with industrial standards is irrelevant for the purpose of Labor Law § 240(1) (see Celaj v Cornell, 144 AD3d 590 [1st Dept 2016]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 290 [1st Dept 2002]; see also Bland v Manocherian, 66 NY2d 452 [1985]), because liability for the failure to provide devices affording proper protection will be imposed "without regard to external considerations such as rules and regulations, contracts or custom and usage" (Zimmer v Chemung County Performing Arts, Inc., 65 NY2d 513, 523 [1985]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: November 28, 2023

Footnotes

Footnote 1: The question of whether the accident happened substantially in the manner claimed by plaintiff need not be resubmitted to the jury.