Selis v Town of N. Hempstead (2025 NY Slip Op 07326)

Selis v Town of N. Hempstead

2025 NY Slip Op 07326

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-07688
 (Index No. 9751/15)

[*1]Gail Selis, respondent, 
vTown of North Hempstead, appellant, et al., defendant (and a third-party action).

Richard J. Nicolello, Town Attorney, Manhasset, NY (Michael J. Kelly and Sighle M. Lynch of counsel), for appellant.
Law Offices of Patrick J. Mullaney, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered June 13, 2022. The judgment, upon the denial of that defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint insofar as asserted against it, upon a jury verdict in favor of the plaintiff and against that defendant on the issue of liability, upon the denial of that defendant's motion pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it, and upon a jury verdict on the issue of damages, is in favor of the plaintiff and against that defendant in the principal sum of $1,324,683.82.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she tripped and fell on a damaged carpet in a shared office in the Port Washington Senior Center (hereinafter the Center), a property owned and maintained by the defendant Town of North Hempstead. The action proceeded to a bifurcated jury trial. At the close of the plaintiff's case on the issue of liability, the Town moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, contending that the plaintiff failed to prove constructive notice. The Supreme Court reserved decision on the motion. The Town did not renew the motion at the close of evidence. At the conclusion of the trial on the issue of liability, the jury returned a verdict finding that the Town was negligent, that the Town's negligence was a substantial factor in causing the plaintiff's accident, and that the plaintiff was not comparatively negligent. The Town moved pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it. The court denied the motion, in effect, denying the earlier motion pursuant to CPLR 4401 as well. After a jury returned a verdict on the issue of damages, the court entered a judgment in favor of the plaintiff and against the Town in the principal sum of $1,324,683.82. The Town appeals.
"'A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only where the trial court finds that, upon the evidence presented, there is no rational process [*2]by which the fact trier could base a finding in favor of the nonmoving party'" (McConnell v County of Nassau, 228 AD3d 649, 651 [internal quotation marks omitted], quoting Caliendo v Ellington, 104 AD3d 635, 636; see Saintume v Lamattina, 192 AD3d 1156, 1158; Brewer v Ross, 188 AD3d 780, 782). "For an appellate court 'to hold that a jury verdict is insufficient as a matter of law, it must first determine that the verdict is utterly irrational'" (Salas v Bellair Laser Ctr., Inc., 185 AD3d 746, 746-747 [internal quotation marks omitted], quoting Killon v Parrotta, 28 NY3d 101, 108). "To conclude that a verdict is utterly irrational, requiring vacatur of the verdict, the Court must determine that 'there is simply no valid line of reasoning and permissible inferences which could possibly lead [a] rational [person] to the conclusion reached by the jury on the basis of the evidence presented at trial'" (Killon v Parrotta, 28 NY3d at 108, quoting Campbell v City of Elmira, 84 NY2d 505, 509). "'In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'"(McConnell v County of Nassau, 228 AD3d at 651 [internal quotation marks omitted], quoting Hamilton v Rouse, 46 AD3d 514, 516; see Rhabb v New York City Hous. Auth., 41 NY2d 200, 202; Peterson v MTA, 155 AD3d 795, 797). "Further, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Salas v Bellair Laser Ctr., Inc., 185 AD3d at 747; see Killon v Parrotta, 28 NY3d at 107).
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Marazita v City of New York, 202 AD3d 951, 952 [internal quotation marks omitted]; see Sloan v 2016 Bedford Kings Corp., 208 AD3d 1192, 1194). "A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Buckshaw v Oliver, 197 AD3d 691, 692 [internal quotation marks omitted]; see Fortune v Western Beef, Inc., 178 AD3d 671, 672; Reed v 64 JWB, LLC, 171 AD3d 1228, 1229). Constructive notice may be established with photographic evidence when the jury can infer from the appearance of the allegedly defective condition that the condition was visible and "had to have come into being over such a length of time that knowledge thereof should have been acquired by the defendant in the exercise of reasonable care" (Taylor v New York City Tr. Auth., 48 NY2d 903, 904; see Alcantara v New York City Tr. Auth., 140 AD3d 808, 809; DeGiacomo v Westchester County Healthcare Corp., 295 AD2d 395, 395). Furthermore, if a reasonable inspection would have disclosed the defect, the failure to conduct a diligent inspection itself constitutes negligence (see Reed v 64 JWB, LLC, 171 AD3d at 1229; Lee v Bethel First Pentacostal Church of Am., Inc., 304 AD2d 798, 800).
Here, considering the evidence in the light most favorable to the plaintiff, the jury verdict finding that the Town was negligent and that its negligence proximately caused the plaintiff's accident was not utterly irrational. The plaintiff's evidence provided a sufficient basis from which the jury could have rationally found that the Town had constructive notice of the defect. A cleaner employed by the Center and two Town employees responsible for the maintenance of the building all testified that they saw the condition of the carpet when they went to the plaintiff's office and that the defect in the carpet was apparent. From this testimony, the jury could rationally infer that the defect was discoverable upon a reasonable inspection (cf. Nelson v AMF Bowling Ctrs., Inc., 206 AD3d 929, 930). One of the Town employees further testified that the Town did not conduct regular inspections of the interior of the Center. Given this testimony, combined with photographs depicting the defective condition at the time of the accident, the jury could reasonably infer that the defective condition had existed for a substantial amount of time (see Blake v Albany, 48 NY2d 875; DeGiacomo v Westchester County Healthcare Corp., 295 AD2d 395). Moreover, the evidence presented by the Town further supported the plaintiff's allegations that the defect in the carpet was dangerous and apparent and had existed for a sufficient length of time such that it should have been discovered in the exercise of reasonable care, and that there was no program of regular inspection or routine maintenance for the interior of the Center. The Town's employees testified that they had not been inside the plaintiff's office for several years prior to her accident.
A determination of comparative negligence is almost invariably a question of fact and [*3]is for the jury to determine in all but the clearest of cases (see Wartels v County Asphalt, 29 NY2d 372, 379; Ormond v MTA/New York City Tr. Auth., 210 AD3d 998, 1000). Here, there was a valid line of reasoning and permissible inferences that could lead a rational person to conclude that the plaintiff was not comparatively negligent (see Motelson v Ford Motor Co., 101 AD3d 957, 961-962; Mejia v City of New York, 33 AD3d 675, 676).
Accordingly, the Supreme Court properly denied the Town's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it and the Town's motion pursuant to CPLR 4404(a) to set aside the verdict on the issue of liability and for judgment as a matter of law dismissing the complaint insofar as asserted against it.
Contrary to the Town's contention on appeal, the jury's finding that the plaintiff was free from negligence in the happening of the accident was not contrary to the weight of the evidence (see Killon v Parrotta, 28 NY3d at 109; Ormund v MTA/New York City Tr. Auth., 210 AD3d at 1000).
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court